UNITED STATES

v.

**Airman Basic Adrian R. SIMMONS, FR246–47–7435, United States Air Force.**

ACM 31429.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 6 July 1994.

Decided 26 June 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Lieutenant Colonel Joseph L. Heimann, and Captain Marge A. Overly.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Lieutenant Colonel Michael J. Breslin, and Major John H. Kongable.

Before HEIMBURG, GAMBOA, and SENANDER, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

Pursuant to his pleas, the appellant was convicted of five specifications of assault and one specification of kidnapping, all against his wife, Kathleen, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934 (1988). The approved sentence is a bad-conduct discharge, 3 years confinement, and forfeiture of all pay and allowances.

The appellant raises three issues before us. We find that the military judge erred in refusing to allow evidence of a prior state court conviction arising out of the same acts, but find no substantial prejudice to the appellant, and affirm.

### Facts

The appellant met Kathleen, also a service-member, in September 1993, and they married November 30, 1993 and moved into an off-base apartment in Riverside County, California. The events that led to the appellant's trial occurred on January 5, 17 and 18, 1994, in that apartment. On the 5th, the appellant struck his wife in the jaw with his fist. On the 17th, he kicked her in the thigh. On the 18th, beginning at two or two-thirty in the morning, he confined her in their apartment against her will, struck her in the eye with a toothbrush holder, and choked her into unconsciousness with his hands. Although he revived her with cold water, the appellant continued to prevent her escape from the apartment. In other assaults that day, he tried to smother her with a pillow and choked her once more with great force, although she maintained consciousness. At approximately 4:00 p.m., Kathleen escaped the apartment by jumping from the second-floor balcony onto a neighbor's patio, and then vaulting a

wooden fence. A neighbor dialed "911." Emergency response crews transported Kathleen to a hospital. State authorities arrested the appellant for spousal abuse and false imprisonment. On January 20, 1994, the appellant appeared in Riverside County, California, court, waived trial and counsel, and pled guilty to:

> [A] violation of Section 273.5, of the Penal Code, a misdemeanor, in that on or about January 18, 1994, in the County of Riverside, ... he did wilfully and unlawfully inflict a corporal injury resulting in a traumatic condition upon KATHLEEN SIMMONS, who was then and there the spouse of said defendant ...

The court sentenced the appellant to 24 months probation and 18 days confinement in the Riverside County jail.

The Secretary of the Air Force has promulgated stringent requirements which must be followed before court-martial charges may be preferred against someone for conduct that has already resulted in a state court conviction.

> Trial in a state court is not a legal bar to a later prosecution in a federal court based on the same act or omission. *Benton v. Maryland,* 395 U.S. 784 [89 S.Ct. 2056, 23 L.Ed.2d 707] (1969). However, such dual prosecutions rarely serve the ends of discipline or justice.... No member of the Air Force will be brought to trial by court-martial ... for substantially the same act or omission for which the member has been tried in a state court.... Exceptions to this policy may be authorized only by the Secretary of the Air Force. Exceptions will be granted only in the most unusual cases, when the ends of justice and discipline can be met in no other way.

AIR FORCE REGULATION (AFR) 111–1, *Military Justice Guide,* ¶ 3–7 (March 1990). (AFR 111–1, ¶ 3–7, was replaced by AIR FORCE INSTRUCTION 51–201, *Administration of Military Justice,* ¶ 2.5, which contains substantially the same policy and requirements.) The appellant's command requested and received a "Secretarial waiver" to this policy, which permitted trial by court-martial for kidnapping, assault and battery, and aggravated assault committed on January 18. In addition, the appellant's commander preferred charges for the assaults of January 5 and 17, which had not been prosecuted in state court.

During the appellant's sentence hearing, his counsel offered evidence of the civil court conviction and sentence. The prosecutor objected, and the military judge said: "I don't see any relevance whatsoever what sentence he received. If that's the purpose of admitting the document, I will not admit it." Taking the hint, trial defense counsel offered a compromise position: he agreed to introduce a redacted document from the state court that showed only the conviction. Eventually, he and the prosecutor agreed on a stipulation of fact that stated simply: "AB Adrian Simmons was convicted of spousal abuse on 20 January 1994 in Riverside County, California." During the remainder of the sentence hearing, the prosecutor tried to block any attempt by the defense to explain the circumstances of the state court conviction, and was fully supported in that effort by the military judge.

### Arguments of Counsel

■ The appellant asserts that the military judge erred by preventing the members from considering all of the information surrounding the Riverside County conviction for the assaults of January 17–18. He argues that the court members needed to know the factual basis for that conviction and the sentence, since it is a matter in mitigation that he had already been punished for some, if not all, of the acts which formed the basis of the court-martial charges. He also argues that R.C.M. 1001(c)(1)(B) would have allowed him to introduce such evidence if he had been punished under Article 15, UCMJ, 10 U.S.C. § 815 (1994), for an offense arising out of the same facts. *See* Article 15(f), UCMJ, 10 U.S.C. § 815(f); *United States v. Pierce,* 27 M.J. 367 (C.M.A.1989).

Counsel for the Government respond that a civilian conviction is not "specifically provided for" as a matter in mitigation by R.C.M. 1001(c)(1)(B), and so this Court should defer to the military judge's ruling. This appears to be an issue of first impression.

### Prior State Court Conviction as Mitigation

■ Given the wide discretion accorded military trial judges in determining the admissibility of evidence, we will review the military judge's ruling for clear abuse of discretion. *United States v. Zakaria,* 38 M.J. 280 (C.M.A.1993); *United States v. Redmond,* 21 M.J. 319 (C.M.A.), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1950, 90 L.Ed.2d 359 (1986). "Abuse of discretion" is a test appellate courts use to review discretionary decisions of those entrusted with judicial-type decisions, whether they are military judges, magistrates or convening authorities. *See United States v. Houser,* 36 M.J. 392, 397 (C.M.A.1993) (abuse of discretion defined).

■ The military judge refused to admit the sentence and facts of the state court proceeding on the basis of lack of relevance. MIL. R. EVID. 401. We disagree with the judge on this point: the fact that the appellant had received some punishment, albeit minor, was certainly relevant to the court's determination of a proper sentence.

Was the military judge's ruling simply a "close call" (*see United States v. Barrow,* 42 M.J. 655, 661 (A.F.Ct.Crim.App.1995))? If it was, we shouldn't disturb her ruling. In examining this question, we begin with the rule covering admission of mitigation evidence. "Matter in mitigation" is evidence introduced:

> to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency.... It includes the fact that nonjudicial punishment under Article 15 has been imposed for an offense growing out of the same act or omission that constitutes the offense of which the accused has been found guilty, particular acts of good conduct or bravery and evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember.

R.C.M. 1001(c)(1)(B). The military judge is authorized to relax the rules of evidence to permit as matters in mitigation "letters, affidavits, certificates of military and civil officers, and other writings of similar authenticity and reliability." R.C.M. 1001(c)(3).

■ Military sentence procedure under the MANUAL FOR COURTS-MARTIAL has historically accorded a preferred place to the admission of defense mitigation evidence at trial. The standard of admissibility is "whether the information offered will be helpful to the court in determining an appropriate sentence or even to serve as a ground for a later recommendation of clemency." *United States v. Barfield,* 22 U.S.C.M.A. 321, 46 C.M.R. 321, 322, 1973 WL 14509 (1973). *See United States v. Gonzalez,* 16 M.J. 58, 60 (C.M.A.1983) (MIL. R. EVID. 403 doesn't permit a trial judge to "weed out" defense mitigation evidence on the basis of lack of credibility); *United States v. McGill,* 15 M.J. 242 (C.M.A.1983) (Cook, J., concurring with reservations) ("Since the defense is given wide latitude in the nature of the evidence it is permitted to offer, ... some latitude must likewise be accorded to the Government...."). *See also United States v. Maracle,* 26 M.J. 431, 433 (C.M.A.1988) (evidence of the appellant's prior conviction by court-martial for unrelated offenses, which concluded the day the later trial began, was relevant to the sentence proceeding because it "had some bearing on the later court-martial in terms of appellant's circumstances ... and chances for rehabilitation.")

We believe the historically-recognized scope of mitigation evidence, and the preference such matters are accorded, weigh strongly in favor of admission of defense mitigation evidence. In light of these considerations, when the military trial judge denied admission of the proffered mitigation evidence here on "relevance" grounds, she faced a burden of justification. But there is another factor: the Air Force policy against prosecution in court-martial after state court proceedings. Since, under this policy, "[e]xceptions will be granted only in the most unusual cases," we infer that dual prosecution is such a significant occurrence that the court which sentences a member after a dual prosecution waiver should be aware of the prior conviction and sentence. At that point, they may accord the evidence whatever weight they deem appropriate, pursuant to

instructions by the military trial judge on the nature of this evidence and how it is to be used by them in their deliberations.

Under our decision today, treatment of a civilian court conviction for the same misconduct tried by court-martial is directly analogous to the treatment of prior punishment under Article 15, UCMJ, for the same misconduct:

> The imposition and enforcement of disciplinary punishment under this article for any act or omission is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission, and not properly punishable under this article; but the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty.

Article 15(f), UCMJ, 10 U.S.C. § 815(f) (1994). In other words, neither is a bar to subsequent prosecution, but both should be presented to the sentencing authority.

Our ruling does not mean that a prior state court conviction may be *relitigated* if the appellant proceeds to a court-martial pursuant to a Secretarial waiver. In this case, the only evidence that trial defense counsel attempted to offer was an official document stating which provision of the California penal code the appellant violated, his plea, the findings and the sentence. We find that the military judge abused her discretion in not admitting that document as a sentencing exhibit.

### Testing for Prejudice

■ When our review of an evidentiary ruling not implicating constitutional rights finds an "abuse of discretion," that does not end the matter and require reversal. That is because, at least in the context of rulings on evidence, "abuse of discretion" only measures the extent to which the appellate court disagrees with the ruling of the trial judge. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (1994), requires that we evaluate the impact of that ruling in light of all the other evidence properly admitted. *See United States v. Wingart*, 27 M.J. 128 (C.M.A.1988); *United States v. Kinman*, 25 M.J. 99 (C.M.A.

1987); *United States v. Schap*, 44 M.J. 512 (Army Ct.Crim.App.1996); *United States v. Espronceda*, 36 M.J. 535 (A.F.C.M.R.1992). We turn, therefore, to an assessment of the prejudicial impact of the military judge's decision.

The prejudicial impact of this ruling denying the mitigation evidence must be evaluated in light of all the other evidence admitted and available to the members. In this case, the appellant was tried by court-martial not only for the assaults of January 17–18, but for kidnapping—which included the appellant's brutal terrorizing of his wife—and an additional assault committed January 5. Just as trial defense counsel could have argued to the members that the appellant had already received a conviction and sentence for some of the charged acts, the prosecutor could have argued that there was further egregious misconduct for which the appellant was not punished by the civilian court.

The military judge instructed the members to consider, in their sentence deliberations, "the fact that the appellant has spent 188 days in pretrial confinement." We judicially notice that the date of sentencing, July 6, 1994, was the 170th day after the appellant was placed in jail by civilian authorities on January 18, 1994. We are unable to determine with precision how many of those days the appellant spent in confinement, civilian and military, but there cannot have been more than 169 days involved.

In light of all the evidence available to the members, we believe the fact that the members did not see the actual findings and sentence of the civilian court was not so significant that the appellant's substantial rights were prejudiced. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (1994). That conclusion does not end our consideration of this matter, however, for we must also address the appellant's allegation of ineffective assistance of counsel, which bears directly on the potential prejudice flowing from the judge's decision.

### Ineffective Assistance of Counsel

■ The appellant avers that his trial defense counsel was ineffective by stipulating that he "was convicted of spousal abuse on 20

January 1994 in Riverside County, California" without identifying that the conviction arose out of the same facts as the court-martial. "A claim of ineffective assistance of counsel requires proof of two elements: incompetence and prejudice." *United States v. Hardy*, 44 M.J. 507, 511 (A.F.Ct.Crim.App. 1996); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Sanders*, 37 M.J. 116, 118 (C.M.A.), *cert. denied*, 510 U.S. 1010, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993), (quoting *United States v. Scott*, 24 M.J. 186, 188 (C.M.A.1987)).

■ Both this Court and the Court of Appeals for the Armed Forces (formerly Court of Military Appeals) will examine the performance of trial defense counsel with a presumption that the counsel is competent; if there appears to be a sound tactical or strategic reason for counsel's action, we will not normally second-guess defense counsel. *United States v. Stephenson*, 33 M.J. 79 (C.M.A.1991). In this case, the defense strategy, obvious from the outset, was to show the members that the appellant had already been to civilian court and been punished for the same crimes. Thwarted in this attempt by the military judge, the counsel settled for all he could get: evidence that the appellant had been convicted, but no evidence of the punishment. Neither defense counsel nor trial counsel made any reference to the appellant's civil court conviction in their closing arguments on sentence.

The appellant argues that his trial defense counsel was ineffective for not simply giving up when the judge refused to admit the sentence and circumstances of his state trial. He argues that the stipulation, because it was not connected factually to the court-martial, appeared to be referring to a prior, unrelated crime. This, he argues, was not mitigating, but was extremely prejudicial aggravation evidence.

We agree with the appellant that, on its face, the stipulation to which he agreed could be mistaken for evidence of a prior, unrelated offense. But, even if we assume trial defense counsel erred in failing to connect that conviction to his client's court-martial, in light of all the evidence adduced at trial, we conclude the appellant was not prejudiced.

We need not speculate whether the members noticed the date of the state court conviction—January 20, 1994—and deduced that the conviction was based on the events of January 17–18 or January 5. The testimony of the appellant's wife and the appellant's unsworn statement make clear that the appellant was arrested by civilian police and placed in civilian jail on January 18, 1994, and that he stayed in civilian custody until January 28, 1994, when he was placed in military confinement. Taken together, the testimony and unsworn statement show that which the military judge would not permit: that the appellant was arrested by the civilian police for his assaultive behavior on January 18, 1994, and spent ten days in civilian jail as a result. We find no prejudice.

### Abuse as a Mitigating Factor

■ The appellant argues the military judge erred to his prejudice by refusing to instruct the members that one mitigating factor they must consider when determining an appropriate sentence is the fact that the appellant suffered from physical and emotional abuse as a child. *See United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72, 1967 WL 4375 (1967). The military judge declined to so instruct, commenting that she did not recall any evidence before the members about such abuse. We review the judge's refusal to give an instruction for abuse of discretion. *United States v. Damatta–Olivera*, 37 M.J. 474, 478 (C.M.A. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2760, 129 L.Ed.2d 875 (1994).

The evidence of the appellant's having suffered abuse as a child came before the court members in the testimony of the appellant's wife. She testified she was aware of "the pain and abuse he had been through" and that he "grew up with abuse." She went on to tell the members, "And I know he grew up confused. And I know he grew up unhappy. And there's a large amount of people, you know, that when they're abused, they grow up and they repeat that cycle, unless they get the help they need to put an end to it, to change themselves." Dr. Cashen, a prosecution expert, testified that a person who suf-

fered abuse as a child requires "more of a lengthy time in treatment to have a person really change those patterns of behavior." Dr. Cashen believed that an abuser required "both consequences for their violent behavior and counselling, too. The two together."

Trial counsel, in sentencing argument, linked lengthy confinement with treatment for the appellant, in light of Dr. Cashen's testimony. Considering the evidence as a whole, we are convinced the appellant suffered no prejudice by the military judge's refusal to instruct the members on the "mitigating factor" of his childhood physical and emotional abuse.

### Conclusion

We conclude the findings and the sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judges GAMBOA and SENANDER concur.