UNITED STATES, Appellee,

v.

Adrian R. SIMMONS, Airman Basic,
U.S. Air Force, Appellant.

No. 96–1257.
Crim.App. No. 31429.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 5, 1997.

Decided July 9, 1998.

For Appellant: *Captain Thomas R. Uiselt* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Captain Marge A. Overly* (on brief); *Colonel David W. Madsen* and *Colonel Douglas H. Kohrt.*

For Appellee: *Major Allen G. Erickson* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Colonel Brenda J. Hollis.*

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted of assault (4 specifications), aggravated assault, and kidnapping, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. The convening authority approved the sentence of a bad-conduct discharge, 3 years' confinement, and total forfeitures. The Court of Criminal Appeals affirmed the findings and the sentence. 44 MJ 819 (1996).

We granted review of the following issue: WHETHER THE MILITARY JUDGE ERRONEOUSLY REFUSED TO INSTRUCT THE COURT MEMBERS ON THE MITIGATING FACTOR OF APPELLANT'S HAVING BEEN A VICTIM

OF PHYSICAL AND EMOTIONAL ABUSE AS A CHILD, IN DETERMINING AN APPROPRIATE SENTENCE, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT.

We also specified the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY PREVENTING COURT MEMBERS FROM CONSIDERING SENTENCING EVIDENCE OF A STATE COURT CONVICTION AND SENTENCE FOR SOME OF THE SAME OFFENSES FOR WHICH APPELLANT WAS THEN BEING TRIED.

We hold that the judge did not err when she refused to instruct the members that they could consider the abuse of appellant as a child in mitigation of appellant's sentence. We also hold that, if the judge erred when she prevented the members from considering appellant's sentence in state court, the error was harmless.

FACTS—Granted Issue

On January 17–18, 1994, appellant committed very abusive acts against his wife, including kicking her, choking her, trying to force her to take a codeine tablet, and not allowing her to leave the apartment. She finally left by jumping from a second floor balcony. A neighbor heard her screaming and called the police. California authorities took appellant into custody, and he later pled guilty to spousal abuse in California state court. He was sentenced to the time served, 18 days, and was placed on 2 years' probation.

During the sentencing phase of appellant's court-martial, the defense counsel asked appellant's wife whether appellant had been abused as a child. The prosecutor objected and the judge sustained the objection. Then the defense counsel asked appellant's wife whether, during the assault, appellant told her that he had been abused as a child. The following colloquy took place:

Q. ... during that time did he ever verbalize to you the pain that he went through when he was a child? I'm not asking you to say that excused his actions, I'm just asking whether he mentioned that.

A. Well, we had talked about the pain and the abuse that he had been through.

MJ: Excuse me, excuse me, on the 18th of January ... ?

WIT: Uhmmm ... I don't know.

MJ: Counsel, move on to a new area.

Later, appellant's wife testified that she believed appellant had some sort of disorder. She clarified this response:

Well, because I know he grew up with abuse. And I know he grew up confused. And I know he grew up unhappy. And there's a large amount of people, you know, that when they're abused, they grow up and they repeat that cycle, unless they get the help they need to put an end to it, to change themselves. And they want— they have to have that want to change within themselves. And I hope [appellant] has it. I hope he really wants to change his life. But I know he had seen this happen in his house growing up. Many of the things he did to me he saw, or were done to him.

In addition to this testimony, Dr. Cashen, a psychologist who had been counseling both appellant and his wife, testified that it is more difficult to treat people who have been abused. Dr. Cashen also agreed that the "long term effects on perpetrators" require extensive treatment.

The court below found the judge's failure to instruct the members that they could consider appellant's abuse in determining his sentence did not result in substantial harm. 44 MJ at 825.

When the parties discussed instructions on sentencing, defense counsel proposed that the military judge instruct the members that "Airman Basic Simmons was emotionally and physically abused during his childhood."

Trial counsel objected and asserted that such an instruction would constitute a finding of fact that such abuse had occurred. When the defense counsel indicated appellant's wife had testified about the abuse, the judge replied, "And she didn't know. She could not recall. I will not give that instruction." The trial counsel reminded the judge that Dr. Cashen's testimony mentioned child abuse.

The judge responded that her notes did not reflect that appellant told the doctor he was abused. The judge did state that defense counsel could argue the point. However, she refused to instruct the members that any abuse appellant might have suffered could be a mitigating factor for sentence determination.

### DISCUSSION—Granted Issue

■ In *United States v. Damatta–Olivera*, 37 MJ 474, 478 (1993), this Court held that,

[w]hile counsel may request specific instructions from the military judge, the judge has substantial discretionary power in deciding on the instructions to give.... The test to determine if denial of a requested instruction constitutes error is whether (1) the charge is correct; (2) "it is not substantially covered in the main charge"; and (3) "it is on such a vital point in the case that the failure to give it deprived defendant of a defense or seriously impaired its effective presentation."

(Quoting *United States v. Winborn*, 14 USCMA 277, 282, 34 CMR 57, 62 (1963) (citation omitted)).

The judge did not err in this case in failing to give the requested instruction because there was no direct evidence that appellant was "emotionally or physically abused during his childhood." The testimony implied that appellant suffered some pain as a child. There was also evidence that perpetrators who are abused as children require extensive treatment. Because there was a dispute about whether appellant was abused as a child, it would have been preferable for the judge to have modified the requested instruction and instructed the members that they could consider the matter in mitigation if appellant was abused.

### FACTS—Specified Issue

Early in the proceedings, at an Article 39(a)[1] session, the parties and judge discussed appellant's civilian conviction and sentence. The judge believed appellant's sentence in civilian court had no "relevance whatsoever." She ruled that she was "not going to allow the members to see what the

sentence was." Just prior to appellant's sentencing, the following colloquy took place at another Article 39(a) session:

TC: There is one issue I wanted to address before breaking. I wanted to just do a verbal motion in limine with regard to the state conviction. The conviction is obviously in evidence at this point, but there's no evidence what the underlying facts were for that conviction, whether it related to this offense or another offense or anything else. Also, there's some testimony that he spent three days in one jail and a few days in another jail, we just want to ensure that that information is not used in any manner to make reference to—relating to this case, or being the same type of offense or relating to the same circumstances.

MJ: Captain Walker?

DC: I have no intention of referring to the length of confinement or anything of that nature. The only thing I'll refer to is what we stipulated to—that there was a civilian conviction and that's it, at most. And I would concur with the prosecutor in stating that I don't think any mention should be made of his civilian conviction being different from the one he's facing here or anything of that nature. I think that would tend to confuse the members and would be improper argument.

MJ: Are you satisfied, Captain Bennett [trial counsel]?

TC: Yes, ma'am.

The court below disagreed with the judge, stating, "[T]he fact that the appellant had received some punishment, albeit minor, was certainly relevant to the court's determination of a proper sentence." 44 MJ at 822. However, that court found that the judge's error in refusing to admit evidence of the sentence for the civilian conviction was harmless under the circumstances. *Id.* at 823.

1.  UCMJ, 10 USC § 839(a).

DISCUSSION—Specified Issue

■ The Military Rules of Evidence, Manual for Courts–Martial, United States (1995 ed.), and the 1000 series of the Rules for Courts–Martial, Manual, *supra*, are designed to admit legally and logically relevant evidence. *See, e.g., United States v. Prevatte*, 40 MJ 396, 397 n. * (CMA 1994). For the defense, the importance of appellant's prior conviction in state court cannot be underestimated. But the burden is upon the proponent, the defense in this case, to establish its relevance. Mil.R.Evid. 103. This relevance depends on the underlying bases for admission. *Cf. United States v. Pierce*, 27 MJ 367 (CMA 1989). A judge may admit the evidence if the proponent establishes relevance based upon the relationship of the evidence to the offense charged.

We agree with the Court of Criminal Appeals that the military judge erred by excluding evidence of the sentence appellant received in state court as a result of a civilian conviction arising out of the same facts that led to his court-martial. We also agree with the court below that this error was harmless.

The military judge did not preclude appellant from introducing the fact that he had been convicted of spousal abuse in state court. She only refused to allow him to present evidence of the sentence he had received. The civilian sentence was not offered for sentence comparison purposes, but to show that appellant had already been punished for his conduct. The defense should have had the choice of whether to introduce evidence of the civilian sentence, even though it arguably could have either benefited or harmed the defense. Defense counsel was in the best position to decide whether or not a sentence of 18 days' confinement plus 2 years' probation would have helped or hurt his client.

■ Nonetheless, appellant has not shown that he was prejudiced by this error. Art. 59(a), UCMJ, 10 USC § 859(a). Given the seriousness of the charged offenses and the minimal nature of the civilian sentence, we conclude that there is no reasonable likelihood that this evidence would have had a significant impact on the sentence ultimately imposed by the members.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, GIERKE, and EFFRON concur.