UNITED STATES, Appellee

v

CHARLES J. SWEITZER, Airman Apprentice, U. S. Navy, Appellant

14 USCMA 39, 33 CMR 251

*Lieutenant Colonel William H. Bennison*, USMC, was on the brief for Appellant, Accused.

*Lieutenant Colonel Remmel H. Dudley*, USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused's case is before us on petition, following affirmance by the board of review of his conviction, among other things, of failure to obey a lawful order, in violation of Uniform Code of Military Justice, Article 92, 10 USC § 892, and approval of a sentence to bad-conduct discharge, forfeiture of $55.00 per month for four months, confinement at hard labor for four months, and reduction. Review of the transcript discloses that the competent evidence of record is insufficient in law to sustain the findings of guilty of the disobedience offense.

The order which accused allegedly disobeyed declared, insofar as we can ascertain, no more than that enlisted personnel "may wear civilian clothing while in a liberty or leave status" in certain described places on the installation at which Sweitzer was stationed. The record reveals only that accused, while in a liberty status and wearing civilian clothing, sought an extension of his authorized absence from the duty petty officer at his base, as his parents were visiting him. He was told he would have "to go through normal channels." Accused thereupon visited his Wing Petty Officer at his place of duty and unsuccessfully sought authority to continue his liberty. He was still dressed in civilian clothing.

As we read the order, such conduct on his part did not violate its terms. Only by the broadest construction may a grant of permission to wear civilian clothing be converted into an injunction against its use under the particular circumstances set forth in this record. Cf. United States v Milldebrandt, 8 USCMA 635, 25 CMR 139; United States v Wilson, 12 USCMA 165, 30 CMR 165. Penal orders, like penal statutes, must be strictly construed. United States v Rowe, 13 USCMA 302, 32 CMR 302. We are, therefore, unable to interpret the regulation here involved in the manner necessary to support criminal liability for accused's supposed neglect.

The petition for review is granted. The findings of guilty of Charge II and its specification are set aside, and the charge is ordered dismissed. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board may reassess sentence on the basis of the remaining charges and specifications.