UNITED STATES

v.

**Airman Ryan R. HODE, FR138–84–6926 United States Air Force.**

**ACM S29048.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 22 Feb. 1995.

Decided 7 June 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Captain Todi S. Carnes.

Appellate Counsel for the United States: Lieutenant Colonel Michael J. Breslin and Major LeEllen Coacher.

Before HEIMBURG, GAMBOA, and SENANDER, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

A military judge sitting as a special court-martial found the appellant guilty, pursuant to his pleas, of writing worthless checks on a closed account, stealing another airman's checkbook and checks, and forging 15 of the stolen checks. Articles 123a, 121 and 123, UCMJ, 10 U.S.C. §§ 923a, 921, 923 (1994).

The appellant was also charged with violating a lawful general regulation by underage drinking, in violation of AIR FORCE INSTRUCTION (AFI) 34–119, Paragraph 1.1.2, dated 25 July 1994. Article 92(1), UCMJ, 10 U.S.C. § 892(1) (1994). On this charge, he pled guilty to the lesser offense of dereliction in duty by willfully failing to refrain from drinking while underage, in violation of Article 92(3), UCMJ, while arguing that AFI 34–119 was not a lawful general regulation. The military judge nevertheless found the appellant guilty of the charged offense. The appellant's approved sentence is a bad-conduct discharge, confinement for 100 days, forfeiture of $300.00 pay per month for 3 months, and reduction to airman basic (E–1). On appeal, as at trial, the appellant argues that AFI 34–119, paragraph 1.1.2, is not punitive. We agree.

### What Makes a General Regulation Punitive?

■■■■ "Not all provisions in general orders or regulations can be enforced under Article 92(1). Regulations which only supply general guidelines or advice for conducting military functions may not be enforceable under Article 92(1)." MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM) Part IV, ¶ 16(c)(1)(e) (1984). The seminal case dealing with the enforceability of lawful general regulations teaches that, in order for such a regulation to be punitive, it must be "basically intended to regulate conduct of individual members and that its direct application of sanctions for its violation is self-evident." United States v. Nardell, 21 U.S.C.M.A. 327, 45 C.M.R. 101, 103, 1972 WL 14133 (1972). General orders, like penal statutes, are to be strictly construed, United States v. Scott, 22 U.S.C.M.A. 25, 46 C.M.R. 25, 1972 WL 14384 (1972), and when doubt exists respecting an order's meaning or applicability, the doubt should be resolved in favor of the accused. United States v. Louder, 7 M.J. 548 (A.F.C.M.R.1979); United States v. Sweitzer, 14 U.S.C.M.A. 39, 33 C.M.R. 251, 1963 WL 4846 (1963). If an order requires implementation by subordinate commanders to give it effect as a code of conduct, it will not qualify as a general order for the purpose of Article 92(1) prosecution. United States v. Nardell, 45 C.M.R. at 103.

### The Instruction

According to its purpose statement, AFI 34–119, ALCOHOLIC BEVERAGE PROGRAM,

outlines Air Force procedures to control, procure, sell, and use alcoholic beverages. It implements [AIR FORCE POLICY DIRECTIVE] 34–1, Air Force Services Programs. It applies to all personnel who sell and serve alcohol on Air Force bases and all members eligible to purchase alcohol.

There is no indication in the purpose statement that portions of the Instruction might be enforceable under Article 92(1), UCMJ.

Paragraph 1.1.2 of the Instruction says, "[t]he minimum age for purchasing, possessing, or drinking alcoholic beverages on Air Force bases must be consistent with the law of the state ... in which the installation is located." Paragraph 1.1.5 states that "[t]he Air Force may punish a military member who violates these restrictions under Article 92 [UCMJ]." Paragraph 1.1.7 instructs installation commanders to revise their "drinking-age guidance" in response to changes in "drinking-age laws." Paragraph 1.2 and its subparagraphs list several "program excep-

tions" to the general policy, which include remote locations where service members may not use privately owned vehicles, installations located within 50 miles of a neighboring state with a lower drinking age, and unit gatherings for a "unique or nonroutine military occasion." Major commands may approve these exceptions.

### AFI 34–119, Paragraph 1.1.2, Punitive?

 After carefully considering the law and the terms of this directive, we agree with the appellant that Paragraph 1.1.2 of AFI 34–119 is not enforceable as a lawful general regulation under Article 92(1), UCMJ. We must look at the Instruction in its entirety to determine whether it provides "general guidelines for the conduct of military functions" or, on the other hand, regulates the "conduct of individual members and … its direct application of sanctions for its violation is self-evident." *United States v. Nardell,* 45 C.M.R. at 103.

Although at first blush the language of Paragraph 1.1.2 appears self-enforcing, it is apparent from a reading of the entire Instruction that it is not. Except for the subparagraphs of Paragraph 1.1, AFI 34–119 provides general guidance to installation commanders and persons operating Services activities, at base-level and higher headquarters, on how to manage sales of different kinds of alcoholic beverages and how to institute initiatives such as the "alcohol deglamorization" program. Its primary purpose does not appear to be to enact a code of conduct for individual members. Chapter 4, entitled "Responsibilities," for example, lists responsibilities for the Director of Services of the Air Force, major commanders, the commander of the Army and Air Force Exchange Service, and installation commanders. "Installation commanders oversee installation alcoholic beverage programs and enforce this AFI," according to Paragraph 4.5. Notably absent is any indication that individual service members have any responsibility for direct compliance with the Instruction. Even Paragraph 1.1 ("General Requirements") and its subparagraphs are written only in general terms.

The impression gained from an overall view of the Instruction is reinforced by a reading of Paragraph 1.1.7, which clearly requires installation commanders to promulgate some type of "drinking-age guidance" to implement the policies of the Instruction. Also, because Paragraph 1.2 and its subparagraphs permit installation commanders to request exceptions to the general policy, an individual cannot read this Instruction and know what is prohibited, without also being advised of the installation commander's "drinking-age guidance."

Moreover, while it is the substance of the Instruction which answers our question, not the form, we note that the purpose statement of this Instruction contains no notice to individual service members that any portion of the Instruction might be enforceable under Article 92. Counsel for the Government have argued that Paragraph 1.1.5 provides the "notice" required, but the fortuitous fact that this paragraph falls on the first page of the Instruction does not make it a "purpose statement." See AFI 37–160 (VOLUME I), DEVELOPING AND PROCESSING PUBLICATIONS, dated 29 April 1994, Paragraph 2.38. The procedural requirements in AFI 37–160 are so easy to comply with, that we can safely conclude from the absence of a notice in the purpose statement that the Secretary of the Air Force did not intend AFI 34–119 to be a punitive instruction. We conclude, rather, that the intent of Paragraph 1.1.5 is that members engaging in "underage drinking" may be punished under Article 92(3) for dereliction in duty, not for violation of a lawful general regulation, Article 92(1).

We therefore hold that no portion of AFI 34–119, as it existed at the time of the appellant's offenses, was punitive. Pursuant to our ruling, we will modify the findings of guilty with respect to the specification of Charge IV. We find the appellant guilty, pursuant to his pleas, of the specification of Charge IV, modified as follows: "In that Airman Ryan R. Hode, who knew of his duties at or near Minot Air Force Base, North Dakota, on or about 12 January 1995 was derelict in the performance of those duties, in that he willfully failed to refrain from drinking alcoholic beverages while un-

der the age of 21, as it was his duty to do." As modified, this affirms a violation of Article 92(3), UCMJ, 10 U.S.C. § 892(3). The remaining findings of guilty are approved.

■ Having reduced the finding of guilty of this charge, we must reassess the sentence to ensure "that the sentence is no greater than that which would have been imposed" absent the error. *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985). We are confident that we can do so. The underage drinking violation was a relatively minor offense in relation to the others of which the appellant was found guilty in this special court-martial. Reassessing the sentence, we find the approved sentence appropriate. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

We conclude that the findings, as modified, and the sentence, as reassessed, are appropriate, Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1994). Therefore, on the basis of the entire record, they are

AFFIRMED.

Judges GAMBOA and SENANDER concur.