UNITED STATES

v.

**Airman First Class Christopher A. BIVINS, FR118–74–7991, United States Air Force.**

ACM 32044.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 15 Nov. 1995.

Decided 16 Dec. 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Major Del Grissom.

Appellate Counsel for the United States: Lieutenant Colonel Michael J. Breslin and Lieutenant Colonel Robert E. Williams.

Before DIXON, SCHREIER, and STARR, Appellate Military Judges.

OPINION OF THE COURT

STARR, Judge.

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of wrongful use of marijuana, signing a false official statement in connection with his Air Force enlistment, dereliction of duty by failing to remain at his quarters while on "sick-in quarters" status, underage possession and consumption of alcohol in violation of AIR FORCE INSTRUCTION (AFI) 34–119, and indecent exposure. Contrary to his plea, he was also convicted of bigamy. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 13 months, forfeiture of $500 per month for 13 months, and reduction to E–1.

The appellant presents three assignments of error for our consideration. First, he contends that his conviction for underage

drinking must be set aside. Relying upon *United States v. Hode,* 44 M.J. 816 (A.F.Ct. Crim.App.1996) (decided seven months after the appellant's trial), he maintains that because this Court has found AFI 34–119 to be nonpunitive, his conviction for failing to obey it cannot be sustained. The appellate government counsel agree but observe that in *Hode* we nonetheless affirmed a conviction for willful dereliction of duty, despite the instruction's nonpunitive nature. The government urges us to do the same in the appellant's case.

▮▮▮ Where a guilty plea inquiry fully apprises an accused of the elements of an included offense as part of the elements of the charged offense, and an accused's responses knowingly and clearly admit the included offense, this Court may affirm the included offense if not persuaded of the charged offense. *United States v. Felix,* 36 M.J. 903, 910 (A.F.C.M.R.1993), *aff'd,* 40 M.J. 356 (C.M.A.1994). In this case, the military judge fully apprised the appellant of the elements of dereliction of duty by underage possession and consumption of alcohol during the dialogue concerning the provisions of the AFI. The appellant admitted he drank three or four beers at a party in a housing area on an Air Force installation. He stated that when he did this he was 19 years old, that he knew the legal drinking age on the installation was 21, that he had a duty to obey that rule, and that he did not obey that rule. The appellant thus knowingly and clearly admitted all the elements of dereliction of duty by underage possession and consumption of alcohol. We therefore affirm a finding of guilty of this included offense. *See United States v. Hoskins,* 29 M.J. 402 (C.M.A.1990); *United States v. Caver,* 41 M.J. 556, 564–65 (N.M.Ct.Crim.App.1994), *pet. denied,* 43 M.J. 151 (1995).

The finding of guilty of specification 2 of Charge II is modified as follows: "In that Airman First Class Christopher A. Bivins, who knew of his duties at or near Fort MacArthur Family Housing, California, on or about 22 April 1995, was derelict in the performance of those duties, in that he willfully failed to refrain from drinking and possessing alcoholic beverages while under the age of 21, as it was his duty to do." As modified, this affirms a violation of Article 92(3), UCMJ. 10 U.S.C. § 892(3).

We reject the appellant's remaining assignments of error. The appellant's plea of guilty to indecent exposure was not improvident. MCM, Part IV, para 88b (1995 edition); *United States v. Faircloth,* ___ M.J. ___ (1996). After carefully reviewing the evidence, we are convinced of the appellant's guilt of bigamy, beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324 (C.M.A. 1987).

▮▮▮ Having modified the finding of guilty on the underage drinking specification, we must reassess the sentence to ensure that it is no greater than that which would have been imposed absent the error. *United States v. Suzuki,* 20 M.J. 248 (C.M.A.1985). We are confident that we can do so. The underage drinking violation was a relatively minor offense in relation to the others of which the appellant was convicted. Reassessing the sentence, we find the approved sentence appropriate. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

The findings, as modified, and the sentence, as reassessed, are correct in law and fact and are

AFFIRMED.

Senior Judge SCHREIER concurs.

DIXON, Chief Judge (concurring in part and dissenting in part):

Relying upon this Court's decision in *United States v. Hode,* 44 M.J. 816 (A.F.Ct.Crim. App.1996), the majority modifies appellant's conviction of violating a lawful general regulation, AFI 34–119, by only affirming his conviction of the *lesser included* offense of dereliction of duty by consuming alcoholic beverages while under the age of 21. Although the majority follows the precedent of this Court, I cannot concur that by so doing we reach the correct result. Consistent with his plea to violating a lawful general regulation by underage drinking, I would affirm his conviction. Moreover, I would specifically overrule that portion of the *Hode* decision

which concludes that AFI 34–119 is a non-punitive regulation.

Unlike the situation in *Hode,* this appellant pled guilty to violating a lawful general regulation. During the inquiry into his guilty plea, the military judge confirmed that he knew that the minimum drinking age in California was 21, that AFI 34–119 established that the minimum drinking age had to be consistent with state law, and that he understood that AFI 34–119 was a lawful general regulation. At the time of his conviction, neither the appellant, his counsel nor the military judge had any reason to question the punitive nature of the regulation. Because of our decision in *Hode,* the majority concludes his conviction for violating the general regulation must be modified. As this Court did in *Hode,* they find the appellant guilty of a willful dereliction of duty and affirm the sentence as approved. Following the rationale in *Hode,* they conclude that a willful dereliction of duty is a lesser included offense of violating a lawful general regulation.

I strongly disagree that a willful dereliction of duty is a lesser included offense of violating a lawful general regulation. To qualify as a lesser included offense, the greater offense must include all of the elements of the lesser offense and more. *United States v. Foster,* 40 M.J. 140 (C.M.A.1994). A willful dereliction of duty cannot be a lesser included offense of a violation of a lawful general regulation because a dereliction of duty contains an element which a violation of a lawful general regulation does not. In order to convict an accused for willful dereliction of duty, the government must prove that the accused had knowledge of the duty. MCM, Part IV, paragraph 16c(3)(b) (1995). However, since knowledge is not an element of the offense of violating a lawful general regulation, knowledge of a lawful general regulation need not be alleged or proved. MCM, Part IV, paragraph 16c(1)(d) (1995).

By finding that the inquiry into appellant's guilty plea to violating a lawful general regulation "fully apprised the appellant of the elements of dereliction of duty," the majority opinion, in my view, makes the providence inquiry little more than a sham. The military judge never established that appellant knew that he had a duty to refrain from underage drinking. That is an essential element of the offense of dereliction of duty. Earlier, when inquiring into appellant's plea to a charge of dereliction of duty by failing to stay in his quarters while on 72–hours "sick-in-quarters" status, the military judge asked about appellant's knowledge of the duty. When asked "Did you know that you were required to be in quarters?" the appellant responded, "Yes, ma'am." When asked, "Did you know, when you were doing those acts, that you were violating the order to stay at home?" he again answered, "Yes, ma'am."

The pertinent portions of the guilty plea inquiry concerning the underage drinking are as follows:

MJ: Okay, now Airman Bivins, what did you understand to be the minimum age for drinking alcoholic beverages on Fort MacArthur?

ACC: Ma'am, I knew the legal drinking age was 21 years old.

MJ: Is it your understanding that the legal drinking age in California is 21 years old?

ACC: Yes, ma'am.

MJ: Counsel is that correct?

ATC: Yes, ma'am.

MJ: Captain Metz?

DC: Yes, ma'am.

MJ: The 22nd of April 1995, what day of the week was that?

ACC: I believe it was a Saturday, ma'am.

MJ: Was this during the day or in the evening?

ACC: It was during the day, ma'am.

MJ: How did it come about that you were drinking?

ACC: I was drinking at a barbecue, ma'am.

MJ: At somebody's house?

ACC: Yes, ma'am. The house of Jennifer Sherman.

MJ: Does she live on base?

ACC: Yes, ma'am.

MJ: Fort MacArthur?

ACC: Yes, ma'am.

MJ: And you had some beer?

ACC: Yes, ma'am.

MJ: When you had this beer—Well, let me ask you this. How much beer did you have?

ACC: Approximately three or four beers, ma'am.

MJ: Okay, and after you had those beers, were you caught by the security police with an open beer can in a friend's car?

ACC: Yes, ma'am.

MJ: When you were drinking this beer, did you know that it was alcoholic?

ACC: Yes, ma'am.

MJ: Did you have any legal justification or excuse for drinking that beer under the age of 21?

ACC: No, ma'am.

MJ: Do you admit that there was in existence a certain lawful regulation, that is, Air Force Instruction 34–119?

ACC: Yes, ma'am.

MJ: Do you admit that paragraph 1.1 states that the minimum age for possessing or drinking alcoholic beverages on Air Force Base's [sic] must be consistent with the law of the state in which the installation is located?

ACC: Yes, ma'am.

MJ: Is Fort MacArthur an Air Force base or an Army base?

ATC: It was previously Army housing, but it is now the annex to the Air Force base.

MJ: Captain Metz, is that correct? Is it an Air Force Installation?

DC: It is my understanding that what Captain Etheredge said is correct.

MJ: During the recess, I would like counsel to verify that. From your responses, I am not convinced that that is an Air Force Base or Installation. So, I would like you to verify that.

ATC: Yes, ma'am.

MJ: We're going to go on, but we will come back to that. Airman Bivins, is it your understanding that Fort MacArthur is an Air Force Base or Installation?

ACC: Yes ma'am, it is.

MJ: Do you admit that you had a duty to obey this regulation?

ACC: Yes ma'am, I did.

MJ: Do you admit that on 25 April 1995, at or near Fort MacArthur Family Housing, you violated this regulation by wrongfully possessing and consuming alcoholic beverages?

ACC: Yes, ma'am.

MJ: With the exception about the question of Fort MacArthur, does the government want me to conduct any further inquiry?

ATC: No ma'am, the government does not.

This inquiry clearly established the elements of violating a lawful general regulation. They are:

(a) That there was in effect a certain lawful general order or regulation;

(b) That the accused had a duty to obey it; and

(c) That the accused violated or failed to obey the order or regulation.

MCM, Part IV, paragraph 16(b)(1) (1995).

During the inquiry, appellant admits only to the existence of a lawful general regulation which he had a duty to obey. What is missing from the inquiry, which is necessary in order to find him guilty of dereliction of duty, is that he knew he had a military duty to avoid drinking before he reached the age of 21. There is no showing that he had knowledge of AFI 34–119 at the time the offense was committed.

Contrary to the accused in *Hode,* this appellant did not plead guilty to a dereliction of duty. Consequently, there is no way that this Court can presume that appellant knew, at the time of the offense, that he had a specific military duty to avoid underage drinking and, we therefore cannot sustain his conviction, as the government suggests, by modifying the specification to show a dereliction of duty. If appellant's conviction of violating a lawful general regulation by underage drinking cannot be sustained, this Court must set aside his conviction on that specification. Setting aside the conviction would require us to reassess the sentence or alternatively to return the case for a rehearing on sentence.

If we follow the precedent established by this Court in *Hode,* we cannot approve appellant's conviction of violating AFI 34–119 notwithstanding his guilty plea. However, when we are convinced that an earlier decision of this court was wrongfully decided we may overturn it. *See United States v. Boyett,* 37 M.J. 872 (A.F.C.M.R.1993). Having reviewed appellant's conviction for violating AFI 34–119, I am convinced that the *Hode* decision, to the extent that it holds AFI 34–119 to be non-punitive, was not only wrongfully decided, but is absurd. It is my view that it should be overturned.

To some, my willingness to overturn *Hode* and approve appellant's conviction of violating a lawful general regulation may seem inconsistent with my argument that we cannot lawfully modify the findings to reflect a conviction for dereliction of duty. It has everything to do with our responsibility to approve only those findings of guilty which are correct in *law* and fact. Article 66(c), UCMJ. Since appellant did not enter a plea to dereliction of duty and since it is not a lesser included offense of violation of a lawful general regulation, we have no authority to modify the findings. However, only our decision in *Hode* stands in the way of approving appellant's conviction of violating a lawful general regulation. Since *Hode* was decided subsequent to appellant's conviction, appellant could not argue that his plea was improvident if we were to conclude that AFI 34–119 is now and was at the time of his conviction a punitive regulation.

In concluding that AFI 34–119 is non-punitive, this Court in *Hode* appears to have relied upon the following three reasons:

(1) the absence of "any indication that individual service members have any responsibility for direct compliance with the Instruction."

(2) the view that the instruction "requires installation commanders to promulgate some type of 'drinking-age guidance' to implement the policies of the Instruction."

(3) that "an individual cannot read this Instruction and know what is prohibited, without also being advised of the installation commander's 'drinking-age guidance.'"

In my view, none of these reasons can be supported by a "plain-meaning" reading of AFI 34–119. Regarding whether individual servicemen have any responsibility for direct compliance with the Instruction, I would point to specific language in the Instruction. The introductory language states, "This instruction outlines procedures to control, procure, sell, and use alcoholic beverages ... It applies to all personnel who sell and serve alcohol on Air Forces bases and all members eligible to purchase alcohol." Most telling from my point of view is paragraph 1.1.5 which states, "The Air Force may punish a military member who violates these restriction under Article 92, Uniform Code of Military Justice (UCMJ)." There would be no reason to include that statement if the Instruction imposed no responsibility for direct compliance with the Instruction.

The conclusion that the Instruction *requires* installation commanders to promulgate some type of "drinking guidance" to implement the policies of the Instruction is just plain wrong. It is the Instruction itself which establishes the Air Force's drinking policy. If the Instruction had intended installation commanders to issue drinking guidance, it would have said so. It does not. If installation commanders were free to establish their own minimum drinking age policy, there would be no question about *Hode* being correctly decided. *United States v. Nardell,* 21 U.S.C.M.A. 327, 45 C.M.R. 101, 1972 WL 14133 (1972). However, the Instruction is clear that any exception to the Air Force's minimum drinking age policy must be approved by the major commands. Paragraph 1.2.2 of the Instruction states "MAJCOM/SV may not delegate the approval authority for exceptions to the minimum drinking age."

Under the Instruction, there are only two exceptions that an installation commander can recommend concerning the minimum drinking age. They are both so specific as to cause no uncertainty in the mind of anyone affected. At remote locations where service members may not use privately owned vehicles, Air Force members who are 18 years of age or older may consume alcoholic beverages. Also, when an Air Force installation is located within approximately 50 miles or

within 1 hour's driving time from a neighboring state that has a lower drinking age, the installation commander (with the approval of the major command) may lower the minimum base drinking age to match that of the neighboring state to reduce the likelihood that members will drive while intoxicated.

These two limited and very specific exceptions are consistent with the basic policy which this Instruction establishes. The Instruction clearly provides that the minimum age for purchasing, possessing, or drinking alcoholic beverages on Air Force bases *must* be consistent with the law of the state, territory, possession, or foreign country in which the installation is located. Knowledge of state law, like knowledge of a lawful general regulation, is presumed. Unless changes are made in the state's minimum drinking age, nothing in the regulation requires an installation commander to issue guidance setting forth the installation's minimum drinking age.

I also dispute the conclusion that an individual cannot read this Instruction and know what is prohibited. Unless there is some part of *must* that I don't understand, there can be no doubt that the minimum drinking age at every Air Force installation is established by state law. There are probably no provisions of state law that are more widely known than the minimum drinking age and the age when driving licenses may be obtained. Even in the two limited cases when exceptions to the minimum drinking age can be approved by major commands, it defies logic to suggest that those exceptions would not be known by affected Air Force personnel. Besides, since either exception would only allow drinking at an earlier age, no one would ever be punished under the Instruction for following state law even if an exception were approved. If it is reasonable for Air Force members to know the minimum state drinking age, one cannot say that this Instruction would not tell an individual what is prohibited.

The regulation which this appellant was convicted of violating was an Air Force-wide instruction. It deals with underage drinking, a subject that is a legitimate concern wherever Air Force personnel are stationed. It states that it applies to all Air Force personnel eligible to purchase alcohol. It states what the minimum age *must* be. It gives installation commanders no authority to deviate from Air Force policy regarding the minimum drinking age. And it states that violations of the restrictions may be punished under Article 92 of the Uniform Code of Military Justice. In my view, there could not be a clearer example of a punitive regulation.

Furthermore, it is clear that the Air Force only intended the general requirements of the Alcohol Beverage Program contained in section 1.1 of the Instruction to serve as the basis of punitive action. This is what that section states:

1.1 **General Requirements of the Alcohol Beverage Program**

1.1.1 This instruction covers all alcoholic beverages that personnel sell, serve, or consume at Air Force bases.

1.1.2. The minimum age for purchasing, possessing, or drinking alcoholic beverages on Air Force bases must be consistent with the law of the state, territory, possession, or foreign country (all referred to as "state" for purposes of this paragraph) in which the installation is located.

1.1.3 Servers of alcoholic beverages must verify the purchaser's age with a photo ID card such as DD Form 2AF, a driver's license, or a passport.

1.1.4 Adults may not provide alcoholic beverages to minors except in accordance with applicable state laws.

1.1.5 The Air Force may punish a military member who violates these restriction under Article 92, Uniform Code of Military Justice (UCMJ).

1.1.6 Military personnel 18 years old or over may purchase, possess, and consume malt beverages and other low-alcohol beverages (less than 7 percent alcohol content by volume) outside the United States, its territories, and possessions in accordance with applicable status of forces or country-to-country agreements.

1.1.7 As states enact new drinking-age laws, installation commanders must make corresponding changes in base drinking-age guidance.

AIR FORCE INSTRUCTION 34–119, dated 25 July 1994.

The purpose of this Court is to do justice. I can find no justice in setting aside appellant's guilty plea to violating this regulation. He readily admits to violating this regulation by consuming alcoholic beverages on an Air Force installation in California before he reached the minimum drinking age of 21. To suggest that we must modify his conviction to only reflect a dereliction of duty is absurd. I have said it before. I will not interpret the law in order to reach absurd results. Accordingly, I would overrule our *Hode* decision and would affirm appellant's conviction on all charges.