UNITED STATES, Appellee,

v.

Jonathan L. SHAVRNOCH, Airman,
U.S. Air Force, Appellant.

No. 96–1089.
Crim.App. No. 31564.

U.S. Court of Appeals for
the Armed Forces. ·

Argued June 3, 1998.

Decided Sept. 30, 1998.

For Appellant: *Major Kevin P. Koehler* (argued); *Colonel Douglas H. Kohrt* (on brief).

For Appellee: *Major Eric D. Placke,* USAFR (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief).

### Opinion of the Court

EFFRON, Judge:

Following mixed pleas, a general court-martial composed of officer members convicted appellant of a variety of offenses, only one of which is at issue in this appeal: violation of a lawful general regulation—Air Force Regulation (AFR) 215–7—by consuming alcohol while under the legal age for doing so, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892.[1] He was sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results. Both on its initial review and on subsequent

remand from this Court, the Court of Criminal Appeals affirmed the trial results. *See* 47 MJ 564 (1997).

We granted appellant's most recent petition for review on the following issues:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT WITHOUT GOOD CAUSE SHOWN, OR UNLESS A MANIFEST INJUSTICE BE THREATENED, FAILURE TO RAISE AN ISSUE BEFORE THAT COURT IN ACCORDANCE WITH THE RULES OF PRACTICE AND PROCEDURE OF THE COURTS OF CRIMINAL APPEALS SERVES TO WAIVE THE ISSUE.

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT APPELLANT'S PLEAS OF GUILTY TO A VIOLATION OF AFR 215–7 CONSTITUTED WAIVER.

WHETHER APPELLANT'S PLEAS OF GUILTY TO ADDITIONAL CHARGE I AND ITS SPECIFICATION ARE IMPROVIDENT SINCE AIR FORCE INSTRUCTION 34–119 (THE SUCCESSOR TO AFR 215–7) HAS BEEN FOUND TO BE NON–PUNITIVE.

We hold that appellant's guilty pleas to violating AFR 215–7 were improvident but that a conviction may be affirmed for the closely related offense of dereliction of duty. *United States v. Bivins,* 49 MJ 328 (1998).

### I. NATURE OF THE OFFENSE UNDER ARTICLE 92(1)

The statute proscribing violation of a lawful general regulation, Article 92(1), provides:

Any person subject to this chapter who—

(1) violates or fails to obey any lawful general order or regulation;

. . .

shall be punished as a court-martial may direct.

---

1. The other offenses of which appellant was convicted include conspiracy to commit wrongful appropriation, violation of a lawful general regulation by having an under-aged guest in his dormitory, willfully damaging military property, drunk driving, wrongful appropriation, assault with a dangerous weapon, indecent acts with a minor, and larceny of mail matter, in violation of Articles 81, 92, 108, 111, 121, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 892, 908, 911, 921, 928, and 934, respectively.

■ The President, in paragraph 16c(1)(e) of the Manual for Courts–Martial, United States (1995 ed.), has made it clear that there are limits on the types of general orders or regulations which may proscribe conduct that can be punished under Article 92(1). He has stated:

(e) *Enforceability.* Not all provisions in general orders or regulations can be enforced under Article 92(1). Regulations which only supply general guidelines or advice for conducting military functions may not be enforceable under Article 92(1).

The Drafters' Analysis of Article 92 states:

The general order or regulation violated must, when examined as a whole, demonstrate that it is intended to regulate the conduct of individual servicemembers, and the direct application of sanctions for violations of the regulation must be self-evident.

Manual, *supra* at A23–5. The Manual reflects the fact that a myriad of regulations, instructions, and manuals govern virtually every aspect of military life, and that most of these issuances are not intended to establish the criminal offense of violating a lawful general regulation. *See United States v. Nardell,* 21 USCMA 327, 329, 45 CMR 101, 103 (1972); *United States v. Hogsett,* 8 USCMA 681, 684, 25 CMR 185, 188 (1958); *see also* DiChiara, *Article 92: Judicial Guidelines for Identifying Punitive Orders and Regulations,* 17 A.F.L.Rev. 61, 62 (1975).

■ Under the Manual and our decisions, if a regulation does not contain language establishing that it is a punitive regulation, a violation of the regulation is not a criminal offense under Article 92(1). A non-punitive regulation, however, may be considered in the context of establishing a standard of military conduct with respect to the less serious offense of dereliction of duty. *Bivins,* 49 MJ at 339.

## II. THE LAW IN THE AIR FORCE AS TO THE PUNITIVE NATURE OF RELEVANT REGULATIONS

### A. Air Force Instruction 34–119

In *United States v. Hode,* 44 MJ 816 (A.F.Ct.Crim.App.), *pet. denied,* 46 MJ 113 (1996), the accused was convicted of violating the regulation governing underage drinking, paragraph 1.1.2 of Air Force Instruction (AFI) 34–119 (25 July 1994), which provided:

The minimum age for purchasing, possessing, or drinking alcoholic beverages on Air Force bases must be consistent with the law of the state, territory, possession, or foreign country (all referred to as "state" for purposes of this paragraph) in which the installation is located.

The regulation also stated in paragraph 1.1.5:

The Air Force may punish a military member who violates these restrictions under Article 92, Uniform Code of Military Justice (UCMJ).

A unanimous panel of the Air Force Court of Criminal Appeals held that paragraph 1.1.2 "is not enforceable as a lawful general regulation under Article 92(1), UCMJ." Noting that the instruction appeared "at first blush" to be a punitive regulation, the court concluded that "it is apparent from a reading of the entire Instruction that it is not." 44 MJ at 818. The court focused on the following factors: (1) the overall purpose of the regulation appeared to provide general guidance to installation commanders and others on how to manage and implement an alcoholic beverage program, rather than to enact a code of conduct for individual members; (2) even paragraph 1.1 and its subparagraphs, which were the only possible exceptions to the first observation, were "written only in general terms"; (3) paragraph 1.1.7, which recognized that state laws could change over time, "clearly requires installation commanders to promulgate some type of 'drinking-age guidance' to implement the policies of the Instruction," underscoring the court's view that the instruction was not self-executing; (4) paragraph 1.2 and its subparagraphs permitted installation commanders to request exceptions from the general policy, which meant that an individual could not read the policy and know exactly what was prohibited; (5) the purpose statement of the instruction contained "no notice to individual service

members that any portion of the Instruction might be enforceable under Article 92"; and (6) the notice of possible criminal sanctions in paragraph 1.1.5 did not mean that the Secretary intended to establish the entire regulation as a punitive regulation under Article 92(1) but only reflected the possibility that members who engaged in " 'underage drinking' [could] be punished under Article 92(3) for dereliction of duty. . . . "

The Government could have appealed this decision to our Court through a certification by the Judge Advocate General under Article 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1994). It did not do so.

Six months later, an entirely different panel of the Court of Criminal Appeals, citing *Hode,* set aside a conviction under Article 92(1) for violating a general regulation in a guilty plea case involving an underage drinking offense under the same regulation. *United States v. Bivins,* 45 MJ 501 (A.F.Ct. Crim.App.1996), *aff'd,* 49 MJ 328 (1998). After disapproving the general regulation offense, the court approved a finding of guilty to the lesser offense of dereliction of duty.

In *Bivins,* Chief Judge Dixon dissented from the court's opinion with respect to Article 92(1), contending that *Hode* should be overruled on the ground that the instruction should be viewed as a punitive regulation, violations of which were punishable under Article 92(1). Despite that dissent and our Court's grant of review of Bivins's contention that the dereliction finding should not be approved, the Government once again did not certify the issue of whether the instruction constituted a punitive regulation.

■ As a result of *Hode* and *Bivins,* the state of the law in the Air Force is clear: "AFI 34–119 is not enforceable as a lawful general regulation under Article 92(1), UCMJ." *Hode,* 44 MJ at 818. Under these circumstances, actions inconsistent with the Air Force Instruction governing underage drinking may be addressed under Article 92 only through proof of a dereliction offense under Article 92(3).

This is not a mere technical distinction. There are substantial differences between the offense of violating a general regulation under Article 92(1) and the offense of dereliction of duty under Article 92(3). The prohibitions in a general regulation, for example, are treated in the same manner as statutory prohibitions, and there is no requirement to allege or prove knowledge of the existence of the regulation by the accused. Para. 16c(1)(d), Part IV, Manual, *supra.* In a dereliction case, the Government must prove that the accused knew or reasonably should have known of the applicable duty and that actions inconsistent with the duty were either willful, the result of neglect, or the product of culpable inefficiency. Para. 16c(3), Part IV.

Of particular significance are the differences in the consequences. Punishment for violation of a general regulation under Article 92(1) may include a dishonorable discharge and 2 years' confinement. The punishment for a dereliction offense under Article 92(3) is limited to a bad-conduct discharge and 6 months' confinement—assuming that a willful violation can be proved; if the offense involves neglect or culpable inefficiency, confinement is limited to 3 months, and no punitive discharge is authorized. Para. 16e, Part IV.

### B. Air Force Regulation 215–7

Appellant was convicted of violating a general regulation, paragraph 1–4.a of AFR 215–7 (27 September 1991), which was the predecessor of AFI 34–119. The language of AFR 215–7, in all significant respects, tracks the language of its successor, AFI 34–119. The provision which appellant was convicted of violating, paragraph 1–4.a, provided:

> Minimum Age for Purchase, Possession, or Consumption. The minimum age for purchasing, possessing, or drinking alcoholic beverages on Air Force bases will be consistent with the law of the state, territory, possession, or foreign country (here after referred to as "state" for purposes of this paragraph) in which the base is situated[.]

*Compare* AFI 34–119, para. 1.1.2, quoted at 49 MJ 336. Like AFI 34–119, which set forth punitive language in paragraph 1.1.5 rather than in the "purpose" paragraph—a matter which the Air Force court viewed as

significant in *Hode*—AFR 215–7 also did not include punitive language in the purpose paragraph but, instead, provided in paragraph 1–4.d that "[v]iolation of the restrictions in a through c above constitutes a violation of Article 92, Uniform Code of Military Justice."

Virtually all other relevant provisions of AFR 215–7 are substantially similar to those provisions of the successor regulation, AFI 34–119, which the Court of Criminal Appeals cited as the basis for concluding that the instruction generally provided guidance to commanders rather than a code of conduct for individual servicemembers.

### III. THE PROCEEDINGS IN THIS CASE

With respect to the underage drinking charge, appellant pleaded guilty to violating Article 92(1) by disobeying paragraph 1–4.a of AFR 215–7, and the Court of Criminal Appeals affirmed appellant's conviction. *See* Art. 66(c), UCMJ, 10 USC § 866(c). In the period of time between the decision below and appellant's petition for review to our Court, the lower court issued its opinion in *Hode*, holding that the Air Force regulation governing underage drinking was not a punitive general regulation for purposes of Article 92(1).

Appellant, in his subsequent petition to our Court, challenged the providence of his guilty pleas based upon the intervening decision of the lower court in *Hode*. We remanded the case to the Court of Criminal Appeals to give that court the opportunity to consider appellant's issue. This provided the court below with the option of reconsidering its interpretation of the regulatory language in *Hode* or determining whether there was a significant difference between the regulation at issue in *Hode* and the regulation at issue in appellant's case.

 On remand, the court below declined to reconsider its analysis of the regulatory language or otherwise distinguish the language in AFI 34–119 from its predecessor.[2] The court nonetheless affirmed the trial results on the ground that appellant's guilty plea waived his appellate claim. Citing our decision in *United States v. Faircloth*, 45 MJ 172 (1996), the court below concluded that our Court had "clearly signaled [our] reluctance to overturn an otherwise provident plea of guilty even where there are arguable legal defenses to the charge," suggesting that the issue in the case involved an evidentiary issue. 47 MJ at 570 (footnote omitted). The court below also sought to avoid application of *Hode* on the ground that, unlike appellant, Hode had pleaded not guilty and had "disputed the punitive nature of [the regulation] from the outset, at trial, and before us." Confronted with the fact that the court had applied *Hode* in *Bivins*—even though Bivins, like appellant, had pleaded guilty—the court distinguished *Bivins* on the grounds that the Government had "conceded error in *Bivins*, failing to argue the guilty plea distinction." *Id.* As a result, the court never reached the question of *Hode's* applicability to appellant's case.[3] *Id.* at 570–71.

### IV. DISCUSSION

As noted in Part II, *supra*, the state of the law in the Air Force is that the regulatory

---

2. Although we have serious reservations about the court's Article 92(1) analysis of the pertinent paragraph of the regulation in *Hode* and *Bivins*, we do not find the court's discussion of the regulation so lacking in merit that we should depart from our traditional approach of giving significant deference to the Courts of Criminal Appeals in the interpretation of the regulations issued by their own departments. *United States v. Manuel*, 43 MJ 282, 287 (1995); *United States v. Moultak*, 24 MJ 316, 318 (CMA 1987).

3. As is implied in the first granted issue, the Court of Criminal Appeals suggested that, absent good cause shown or unless a manifest injustice would be threatened, an appellant's failure to raise an issue before that court on initial review would waive consideration of the issue during any further consideration of the case before that court. However, an order from this Court that remands a case for consideration by the lower court is not permissive. Accordingly, whatever validity, if any, the lower court's approach to appellate waiver might have in other contexts, it cannot apply to a remand order from this Court, just as we cannot disregard a remand order from the Supreme Court. *See generally United States v. Hall*, 45 MJ 255, 257 (1996); *United States v. Johnson*, 42 MJ 443 (1995).

language governing underage drinking does not establish an offense that is punishable under Article 92(1).

■ We reject the suggestion by the court below that appellant's plea of guilty waived any objection to the conviction as a result of our decision in *Faircloth.* In that case, we held that we would not "overturn a military judge's acceptance of a guilty plea based on a 'mere possibility' of a defense." 45 MJ at 174. The present case, however, does not involve an evidentiary issue raising a "mere possibility of a defense." It involves a conviction under a legal standard which, under the state of the law in the Air Force, cannot be used as the basis for a conviction for violation of Article 92(1). The record before us clearly demonstrations that there is a substantial basis in law for determining that appellant pleaded guilty to a charge involving a legal standard that does not constitute an offense under Article 92(1), thereby undermining his conviction "[a]s a matter of law." *Faircloth, supra* at 174; *see United States v. Prater,* 32 MJ 433, 436 (CMA 1991).

## V. EFFECT ON FINDINGS AND SENTENCE

■ In *Bivins,* the court below concluded that the accused's pleas and providence inquiry, while legally flawed as a violation of Article 92(1), permitted finding the accused guilty of dereliction of duty under Article 92(3) by willfully failing to refrain from drinking alcoholic beverages while under the state's legal age for doing so. This Court recently affirmed that holding. 49 MJ 328 (1998). The circumstances of appellant's case call for a similar result. As in *Bivins,*

the providence inquiry reflects appellant's full awareness of the elements of dereliction of duty by under-age drinking, his admission that he engaged in such drinking, his knowledge that he was below the legal age for doing so, and his concession that it was his duty not to do so. *See Bivins,* 45 MJ at 502.

■ We conclude, however, that appellant suffered no prejudice in his sentence from being convicted of the greater offense under Article 92(1), rather than the closely related offense under Article 92(3). As recited earlier, he was convicted of a rather lengthy list of offenses, some quite serious. In this light, and in view as well of the comparatively lenient sentence adjudged for his misconduct, we are confident that the sentencing authority would have adjudged the same sentence in any event. *See United States v. Sales,* 22 MJ 305 (CMA 1986); *United States v. Suzuki,* 20 MJ 248 (CMA 1985).

## VI. DECISION

The decision of the United States Air Force Court of Criminal Appeals as to the findings of guilty to Additional Charge I and its specification is reversed. A finding of guilty is affirmed with respect to the lesser-included offense of willful dereliction of duty by drinking alcoholic beverages while below the minimum age, in violation of Article 92(3).[4] The decision as to the remaining findings of guilty and the sentence is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.

4. The specification of Additional Charge I is amended to read as follows: In that [appellant], who knew of his duties at Robbins Air Force Base, Georgia, on or about 6 October 1994, was derelict in the performance of those duties in that he willfully consumed alcoholic beverages while below the minimum age.