MITCHELL, Senior Judge,
with whom CONTOVEROS, Judge, joins, concurring in part and dissenting in part:
We concur with the entirety of the majority decision except on one issue: the allegation of error that Air Education and Training Command . Instruction (AETCI) 36-2909, Professional and Unprofessional Relationships, (2 March 2007) (certified current 26 September 2011), is not a lawful general regulation. On that portion of the opinion, we dissent.
Unlike the majority, we conclude that the primary purpose of Paragraph 2.17 of Air Force Instruction (AFI) 33-360, Publications and Forms Management, (18 May 2006) (incorporating changes through 12 July 2007),[5] is to provide due process notice to Airmen as to which provisions in an instruction are punitive. The issue is not whether this level of notice is required by the Constitution, case law, or federal law but whether the Air Force voluntarily chose to impose upon , itself mandatory requirements for notice in punitive instructions. Finding that the Air Force did so, we find it is bound by those requirements and cannot prosecute an individual under Article 92(1), UCMJ, 10 U.S.C. § 892(1) for violating a regulation that does not comply with those requirements. In reaching this conclusion, we note the Government seeks to have this court read an instruction’s use of the word “must” in describing mandatory behavior as “should” when the Government fails to comply with its terms. Ironically, the Government makes this argument to enforce criminal culpability against an appellant for a maximum of two years of confinement when he failed to follow the mandatory language of a “will not” instruction. In short, the Government argues that mandatory language in its instructions and publications is binding only on the individual and not on the institution. We disagree.

Enforceability of Charged Provisions of AETCI S6-2909

“General orders, like penal statutes, are to be strictly construed, and when doubt exists respecting an order’s meaning or applicability, the doubt should be resolved in favor of the accused.” United States v. Hode, 44 *662 M.J. 816, 817 (A.F.Ct.Crim.App.1996) (citations omitted). A plea of guilty to a violation of a lawful general order is improvident when the instruction is later determined not to be a lawful general order. United States v. Shavrnoch, 49 M.J. 334 (C.A.A.F.1998). If the instruction is not punitive, then “there is a substantial basis in law for determining that appellant pleaded guilty to a charge involving a legal standard that does not constitute an offense under Article 92(1), UCMJ, thereby undermining his conviction as a matter of law.” Id. at 339 (citations omitted) (internal quotation marks omitted).
For the first time on appeal, the appellant challenges that AETCI 36-2909 is not a lawful general order because it does not comply with AFI 33-360. According to AFI 33-360, Paragraph 2.17.1.4, “[paragraphs containing mandatory provisions or prohibitions must state that a failure to obey is a violation of Article 92 of the UCMJ. This statement should accompany each mandatory provision or prohibition, or may, if clear, refer to a series of mandatory provisions or prohibitions listed within a specific paragraph.” (emphasis added.) Neither of the paragraphs charged in this case included such a statement within the paragraph itself. Moreover, the same instruction specifically states:
The opening paragraph must clearly specify which parts of a publication contain mandatory provisions and prohibitions enforceable against the individual. While such language standing alone in the opening paragraph does not make a publication punitive, it becomes punitive when combined with punitive language in the body of the publication.
AFI 33-360, ¶ 2.17.1.3 (emphasis added).
Furthermore, Paragraph 2.17.1.4, immediately prior to the provision cited by the appellant, requires drafters to “[u]se language that expresses the mandatory nature of the provisions, such as ‘will,’ ‘will not,’ ‘shall,’ ‘shall not,’ ‘must,’ ‘must not,’ etc.” The Government’s own instruction states that “must” is mandatory language, yet on appeal the Government argues it is not bound by its own mandate.
Whereas in the past, notice of the punitive nature of a publication may have been sufficient if included solely in the purpose statement or opening paragraph, the governing instruction now quite clearly requires more. Cf. Hode, 44 M.J. at 818 (concluding the absence of such notice in the purpose statement of the instruction meant that no portion of the instruction was punitive). In promulgating AFI 33-360 with these specific procedural requirements, the Secretary of the Air Force’s intent was made explicit: to be punitive, a publication must include the “failure to obey” language in both the opening paragraph and the applicable substantive provisions. AETCI 36-2909 does not meet the prima facie requirements to be punitive. See Shavrnoch, 49 M.J. at 336 (“[I]f a regulation does not contain language establishing that it is a punitive regulation, a violation of the regulation is not a criminal offense under Article 92(1)”).
[A] golden thread in the military justice tapestry is that “either the President in promulgating the Manual for Courts-Martial or the Armed Services by adopting regulations can go even further than the Constitution and the Uniform Code in providing safeguards for military personnel.” Regarding these regulations, we have held that a service must abide by them where the underlying purpose of the regulation is the protection of personal liberties or interests. More recently the Supreme Court and this Court have recognized that the Government is bound by its own regulations, especially when the regulations confer a right or benefit on an individual.
United States v. Manuel, 43 M.J. 282, 286 (C.A.A.F.1995) (citations omitted).
As the majority points out, in McGraner, the Court of Military Appeals applied four factors in determining whether a regulation was intended to protect the interests of individuals. United States v. McGraner, 13 M.J. 408, 417-18 (C.M.A.1982); see also Manuel, 43 M.J. at 287. The court considered the presence or absence of a specific remedy in the regulation, the primary purpose of the provision in question, the scope of the remedy necessary to protect the purported interest, and the presence or absence of any due process considerations discussed by the Supreme Court in United States v. Caceres, 440 *663 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). We weigh the balance of the factors differently than the majority. We acknowledge that the first factor weighs against the appellant; however, we conclude that the other three factors weigh so heavily in the appellant’s favor such as to grant him relief.
The primary purpose of the provision in question is to provide notice to individuals of the punitive nature of the provisions. In Hodé, we previously examined an instruction that failed to comply with an earlier version of the Air Force Instruction on requirements for publication of punitive instruction. There we concluded that the instruction provided'a duty, but was not a punitive instruction. We reached this conclusion, in part because, “The procedural requirements in [the AFI dealing with publications] are so easy to comply with, that we can safely conclude from the absence of a notice in the purpose statement that the Secretary of the Air Force did not intend [the AFI in question] to be a punitive instruction.” Hode, 44 M.J. at 816. Here as well, the provision of AFI 33-360 is easy to comply with, and the current version of the AETCI complies with the requirements to include punitive language in the body of the publication.[6] Our holding in Hode was not a result of this court judicially imposing a requirement for notice in the purpose statement of a punitive instruction, but was instead this court enforcing the Air Force’s own self-imposed requirements for punitive instructions.
This also ties directly into the final factor of protecting due process notice. Knowledge of a general order is presumed and “a lack of knowledge does not constitute a defense.” Manual for Courts-martial, United States, pt. IV ¶ 92e.(l)(d) (2012 ed.). “But, some form of proper publication is necessary before such knowledge is presumed or there will be a violation of constitutional due process.” United States v. Tolkach, 14 M.J. 239, 241, (C.M.A.1982). The purpose of including the punitive language in each paragraph, especially when instructions can be voluminous, is to provide notice to Airmen.
The scope of the remedy is not overly onerous. A long history of cases have affirmed convictions to the lesser included offense of dereliction of duty in violation of Article 92(3), UCMJ, when violations of Article 92(1), UCMJ, are defective. See Shavrnoch, 49 M.J. 334; Hode, 44 M.J. 816; Tolkach, 14 M.J. 239; United States v. Simmons, 44 M.J. 819 (A.F.Ct.Crim.App.1996); United States v. Bivins, 45 M.J. 501 (A.F.Ct. Crim.App.1996). However, in light of United States v. Jones, 68 M.J. 465 (C.A.A.F.2010), it may be that Article 92(3), UCMJ, dereliction of duty, is now no longer a lesser included offenses of Article 92(1), UCMJ, failure to obey a lawful order. Since we are in the dissent, we need not resolve this issue in this case. Whether the remedy in this case is to set aside the conviction or affirm to the lesser included offense, we find that remedy is not overly onerous. The remedy does not prevent the Government from seeking to impose criminal culpability for the failure to obey this instruction or other similarly written instructions. The remedy requires the Government to properly charge the offense under either Article 92(2), UCMJ, for failure to obey other lawful orders which are not general regulations, or Article 92(3), UCMJ, for dereliction of duty.[7]
We conclude that AETCI 36-2909 was not “properly published” in accordance with AFI 36-330 and therefore is not enforceable as a lawful general order under Article 92(1), UCMJ.
Even if we were to set aside these contested charges, we would not grant any sentence relief. This court has broad discretion when reassessing sentences. United States v. Winckelmann, 73 M.J. 11, 12 (C.A.A.F.2013). *664 Our superior court has repeatedly held that if we “can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error.” United States v. Sales, 22 M.J. 305, 308 (C.M.A.1986). This analysis is based on a totality of the circumstances with the following as illustrative factors: dramatic changes in the penalty landscape and exposure, the forum, whether the remaining offenses capture the gravamen of the criminal conduct, and whether the remaining offenses are the type that we as appellate judges have experience and familiarity with to reliably determine what sentence would have been imposed at trial. Winckelmann, 73 M.J. at 15-16.
The dismissal of these two specifications does not dramatically change the penalty landscape; in fact, only the maximum confinement authorized would change. Without the convictions on these two specifications, the confinement exposure is reduced from 22 years and 1 month to 18 years and 1 month. The appellant was sentenced -to confínément for 30 months. Having considered the totality of the circumstances, we would reassess the appellant’s sentence to the same sentence approved by the convening authority.

. Air Education and Training Command Instruction (AETCI) 36-2909, Professional and Unprofessional Relationships, (2 March 2007) (certified current 26 September 2011), and Air Force Instruction 33-360, Publications and Forms Management, (18 May 2006) (incorporating changes through 12 July 2007) are the instructions applicable to the appellant's case. Unless otherwise stated, all references to these instructions are to these particular versions.

. The current version of AETCI 36-2909 is as follows: "Paragraph 3.3. Specific Prohibitions and Responsibilities. Conduct that violates the prohibitions and mandatory provisions of this paragraph, including its subparagraphs, by military personnel is a violation of Article 92, UCMJ[, 10 U.S.C. § 892].” This does not appear to be rote incomprehensible legal jargon which the majority fears would overwhelm or obscure the plain meaning of the regulation.

. Alternatively, the Air Force could rewrite its punitive instructions to meet its own self-imposed requirements or change its publications instruction. What it cannot do is continue to fail to comply with its own orders.