# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 WILLIAM J. HELTON**
**United States Army, Appellant**

ARMY 20190094

Headquarters, United States Army Maneuver Center of Excellence
Wendy P. Daknis, Military Judge
Colonel Jackie L. Thompson, Jr., Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Captain Benjamin A. Accinelli, JA; Major Timothy G. Burroughs, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Lieutenant Colonel Teresa T. Phelps, JA (on brief).

18 December 2019

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RODRIGUEZ, Judge:

Appellant claims the military judge erred in accepting appellant's plea of guilty to violating a general regulation when the relevant paragraph was not punitive. We find the military judge erred, set aside and dismiss the specification, affirm the remaining findings of guilty, and reassess the sentence.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of wrongful use of a controlled substance, one specification of wrongful distribution of a controlled substance, and three specifications of violating a lawful general regulation, in violation of Articles 112a and 92, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 912a and 892. The military judge sentenced appellant to a bad-conduct discharge, confinement for five

months, forfeiture of $1,000 pay per month for five months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for four months, forfeiture of $1,000 pay per month for five months, and reduction to the grade of E-1.

## BACKGROUND

### Misconduct

Appellant's convictions stem from three separate encounters with law enforcement. During the first incident, appellant failed to stop at a traffic light and was pulled over by police on post. During the traffic stop, appellant told the police officer he had a loaded Smith and Wesson .22 caliber pistol under his seat which was not registered on post. The officer also observed a blue, plastic baggie containing a white powdery substance on the passenger side floor between the seat and door of appellant's vehicle. Appellant consented to a search of his vehicle. During the search, the officer found the pistol under the driver's seat, two additional clear plastic baggies containing a white powdery substance in the glove compartment, and a folded twenty dollar bill in the console that contained a white powdery substance later confirmed to be cocaine. Appellant admitted to law enforcement that he consumed cocaine the day prior, which was confirmed by a urinalysis. Appellant's company commander referred him to the Army Substance Abuse Program (ASAP).

The second incident occurred when appellant sold fifty-five purported ecstasy pills (later determined to be methamphetamine) to another soldier, Private (E2) CM. Private CM informed law enforcement of the purchase. Private CM also told law enforcement about a previous occasion when appellant came to his barracks' room smoking a cigar filled with "Spice."

The third incident occurred when law enforcement was investigating an intoxicated driver in the parking lot of appellant's barracks. During the investigation, appellant was standing outside the barracks smoking a cigarette. One of the officers noticed appellant smelled of alcohol. Appellant admitted he consumed alcohol and was under the legal age. A breathalyzer confirmed the presence of alcohol on appellant's breath.

### Guilty Plea

One of the Article 92, UCMJ specifications to which appellant pleaded guilty alleged that, "[Appellant] did, at or near Fort Benning, Georgia, on or about 2 September 2018, violate a lawful general regulation, to wit: paragraph 3-2c, Army

Regulation (AR) 600-85, The Army Substance Abuse Program, dated 28 November 2016, by wrongfully drinking alcoholic beverages underage."[1]

## LAW AND DISCUSSION

Appellant asserts the military judge committed error in accepting appellant's plea of guilty to disobeying a general order because the relevant paragraph appellant was charged with disobeying (paragraph 3-2c, AR 600-85), is not punitive. The government concedes in its brief to this court that the military judge erred. We agree.

"We review a military judge's acceptance of a guilty plea for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). We will not overturn a military judge's acceptance of a guilty plea unless the record of trial shows a substantial basis in law and fact for questioning the guilty plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). A providence inquiry into a guilty plea must establish that the accused believes and admits that he is guilty of the offense, and that the factual circumstances admitted by the accused objectively support the guilty plea. *Untied States v. Garcia*, 44 M.J. 496, 497-98 (C.A.A.F. 1996) (citing *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994); Rule for Courts-Martial [R.C.M.] 910(e)).

"[I]f a regulation does not contain language establishing that it is a punitive regulation, a violation of the regulation is not a criminal offense under Article 92(1) [UCMJ]." *United States v. Shavrnoch*, 49 M.J. 334, 336 (C.A.A.F. 1998). Paragraph 3-2c of AR 600-85 does not contain language stating it is punitive.[2] Accordingly, appellant pleaded guilty to a charge "[i]nvolving a legal standard that does not constitute an offense under Article 92, UCMJ, undermining appellant's conviction 'as a matter of law.'" *Id.* at 339 (quoting *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)) (citing *Prater*, 32 M.J. at 436).

---

[1] Army Regulation 600-85, The Army Substance Abuse Program, paragraph 3-2c (28 Nov. 2016) [AR 600-85] provides: "Underage drinking is prohibited. Army policy governing the minimum age for dispensing, purchasing, consuming, and possessing alcoholic beverages is found in AR 215-1, chapter 10. Any underage Soldier using alcoholic beverages will be referred to ASAP for screening within 5 working days except when permitted by AR 215-1, paragraph 10-1f."

[2] Other provisions in AR 600-85 specifically state that violations of that provision are punishable under the UCMJ. *See, e.g.*, paras. 4-2q, 4-11h, 10-2a, and 10-4a.

## CONCLUSION

On consideration of the entire record, the finding of guilty as to Specification 3 of Charge II is SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED.

In accordance with the principles articulated by our Superior Court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are able to reliably reassess the sentence on the basis of the noted error. The remaining offenses capture the gravamen of appellant's offenses: using cocaine and "Spice," distributing methamphetamine, and failing to register a pistol. We are confident the military judge would have adjudged a sentence of at least a bad-conduct discharge, confinement for four months, forfeiture of $1,000 pay per month for five months, and reduction to the grade of E-1. Accordingly, the sentence is AFFIRMED.

All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4