# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Gary L. KING
### Seaman (E-3), U.S. Coast Guard

### CGCMS 24270

### Docket No.  1212

### 13 January 2005

Special Court-Martial convened by Commanding Officer, Coast Guard Recruiting Command.  Tried at Arlington, Virginia, on 22 December 2003.

| | |
|---|---|
| Military Judge: | CDR Brian M. Judge, USCG |
| Trial Counsel: | LCDR Monica L. Lombardi, USCG |
| Assistant Trial Counsel: | LT Shirley D. Woodard, USCG |
| Detailed Defense Counsel: | LCDR Amy E. Kovac, USCG |
| Assistant Defense Counsel: | LT Adrienne Gagliardo, JAGC, USN |
| Appellate Defense Counsel: | LT Laurina M. Spolidoro, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL ONE
### BAUM, KANTOR, & FELICETTI
Appellate Military Judges

FELICETTI, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to a pretrial agreement, Appellant entered pleas of guilty to the following offenses: one specification of unauthorized absence and one specification of failing to go to his place of duty in violation of Article 86, Uniform Code of Military Justice (UCMJ); three specifications of failure to obey a lawful order and one specification of failure to obey a lawful general order in violation of Article 92, UCMJ; one specification of false official statement in violation of Article 107, UCMJ; one specification of wrongfully using marijuana in violation of Article 112a, UCMJ; three specifications of larceny in violation

of Article 121, UCMJ; one specification of wrongfully making and delivering a check without sufficient funds in violation of Article 123a, UCMJ; and one specification of pandering in violation of Article 134, UCMJ. The military judge accepted Appellant's pleas, entered findings of guilty to those offenses, and sentenced Appellant to a bad-conduct discharge, confinement for eight months, and reduction to E-1. The Convening Authority approved the sentence as adjudged but suspended confinement in excess of sixty-nine days for twelve months from the date Appellant was released from confinement as required by the pretrial agreement. The Convening Authority also credited Appellant with fifty-nine days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Before this Court, Appellant has assigned two errors.[1]

> I. Appellant's plea to violating a lawful general order was improvident because the provision of the Coast Guard Personnel Manual that he was charged with violating, 8.M.3.c., is not a punitive lawful general order and the military judge failed to elicit facts sufficient to establish that Appellant violated the superior section of the Manual, 8.M., or was derelict in any duty established by it; and

> II. Notwithstanding the military judge's statement that he would only consider those portions of Prosecution Exhibit 6, a notebook of Appellant's writings, that pertained directly to charge VII, the military judge abused his discretion in admitting Prosecution Exhibit 6 during the presentencing portion of the trial since the notebook contained irrelevant prejudicial material.

---

[1] We have restated and combined Appellant's assignments. Appellant submitted two separate briefs. The first, dated 28 June 2004, states:
 I. APPELLANT'S PLEA TO SPECIFICATION 4 OF CHARGE II WAS IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO EXPLAIN THE ELEMENTS OF "DISHONORABLE" AND "SUFFICIENTLY NOTORIOUS AS TO BRING DISCREDIT UPON THE COAST GUARD" AND FAILED TO ELICIT SUFFICIENT FACTS TO SUPPORT THE PLEA.
II. THE MILITARY JUDGE ABUSED HIS DISCRETION IN ADMITTING PROSECUTION EXHIBIT 6 WITHOUT FIRST DECIDING WHETHER IT WAS RELEVANT OR RULING ON THE DEFENSE OBJECTION, AND ABUSED HIS DISCRETION IN CONSIDERING PROSECUTION EXHIBIT 6 BECAUSE IT IS IRRELEVANT IN ITS ENTIRETY.
The second assignment of error and reply brief, dated 25 August 2004, added the following as assignment I and renumbered the previous assignments as II and III, respectively:
I. PERSONNEL MANUAL 8.M., AS IT RELATES TO ENLISTED MEMBERS, IS NOT A PUNITIVE LAWFUL GENERAL ORDER; AND APPELLANT IS NOT GUILTY OF DERELICTION OF DUTY.

Oral argument on assignment one was held on 27 October 2004 and that assignment will be addressed. After careful consideration, we reject assignment two in light of the military judge's pre- and post sentencing comments that he would not, and did not, consider the irrelevant portions of Prosecution Exhibit 6. Of note, the military judge stated he did not consider the one specific page from Prosecution Exhibit 6 the trial counsel referred to in sentencing argument.

**Facts**

Appellant enlisted in the Coast Guard on 22 May 2001 under the College Student Pre-commissioning Initiative (CSPI). The CSPI required Appellant to attend college full-time and report to the local Coast Guard recruiting office for three hours a week, when college was in session, and participate in various recruiting events. Upon completion of college, Appellant would attend Officer Candidate School in July 2003.

Appellant's performance in the CSPI program was satisfactory until the early part of 2003. He began using marijuana on or about 12 January 2003, missing work at the recruiting office, and having difficulties in school, where he eventually stopped attending classes. At the time, his Coast Guard supervisors were unaware of his marijuana use and school problems. Moreover, the Coast Guard was not informed that he had stopped attending classes.

His son, JLK, was born on 14 January 2003, and at some point in early 2003, Appellant's supervisors became aware that he was not providing any financial support for his son. Three of Appellant's supervisors advised him that the Coast Guard Personnel Manual, COMDTINST M1000.6A (hereinafter Personnel Manual), required him to support his child. Appellant acknowledged his obligation to provide some financial support to his son but did not review the applicable portions of the Coast Guard Personnel Manual, or begin to provide financial support until sometime several months later. While the record is mostly

silent on this point, it appears that Appellant and the child's mother were not married to each other.

## Assignment I

Appellant's first assignment asserts defects or inconsistencies in Appellant's guilty plea. To reject a guilty plea on appeal, we must find that the record shows a "'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

Appellant pled guilty to violating the lawful general order concerning support of dependants contained in Chapter 8.M.3.c. of the Personnel Manual. Chapter 8.M.3.c. provides specific levels of financial support for Commanding Officers to apply when making support determinations in the disputed cases of married service members. On appeal, both Appellant and the Government assert that the cited provision is not a lawful general order. We agree and will set aside that finding of guilt.

The Government asserts that this Court may, nonetheless, affirm Appellant's conviction of the closely related offense of dereliction of duty under Article 92(3), UCMJ. *See United States v. Franchino*, 48 M.J. 875 (C.G.Ct.Crim.App. 1998); *United States v. Bivins*, 49 M.J. 328 (C.A.A.F. 1998). According to the Government, 8.M. of the Personnel Manual, including portions Appellant was not charged with violating, created a military duty for Appellant to support his son; a duty Appellant acknowledged and then willfully failed to perform.

Appellant's sworn testimony provides some factual basis for a dereliction of duty charge. While he never read the applicable sections of the Personnel Manual, Appellant's superiors informed him of the manual's requirement to support his son financially. Appellant spoke to three superiors about the matter and understood a general requirement to provide some level of financial support for his son as reflected on the record:

> JUDGE JUDGE: And what was your understanding of that requirement to provide him with support?
>
> THE WITNESS [KING]: To be able to – if he needed clothes, to provide clothes.  If money – his mother at the time – well, she's still his mother – to assist her in any needs she needed for the child.  Take them to any medical appointments.  Set up an allotment for him in my account.

R. at 66.  Despite this understanding, Appellant did not take any action to financially support his son beyond obtaining him a military dependant identification card.

Appellant, however, was charged with, and pled guilty to, a violation of a specific section of the Personnel Manual he believed was a lawful general order.  8.M.3.c. of the Personnel Manual, provides a specific monthly payment in disputed cases when a service member is married.  Chapter 8.M.3.c of the Personnel Manual states,

> The mandatory and universal interim obligation contained in the following support scale is also intended to encourage members or their spouses in such cases to pursue final settlement in the civil courts. Unless otherwise specified by court order, married officer and enlisted personnel will, as a minimum, be considered obligated to provide support for their lawful dependants on a monthly basis as follows:

A plain reading of 8.M.3.c., in isolation, indicates that it does not apply to Appellant since he was not married.[2]  The Government, therefore, has correctly argued that any closely related offense concerning Appellant's support obligations must arise from the larger portion of the Personnel Manual, section 8.M.

We look, therefore, to other parts of the Personnel Manual to determine the scope of any *military* duty established by the manual for Appellant to financially support his

---

[2] The Government, in brief, acknowledged that the record does not establish Appellant's marital status. The charge sheet and providence inquiry, however, were squarely focused on the issue of support for Appellant's son.  No evidence was presented during the providence inquiry suggesting that Appellant was married to his son's mother.  We decline, therefore, to assume a potentially significant fact not in evidence to the detriment of Appellant.  There is also no evidence of a "dispute" between Appellant and the child's

son. Taken as a whole, the Personnel Manual is unclear. The provisions of 8.M. concerning support of dependants frequently refer to a service member's civil, moral, legal, and inherent natural obligation to support his or her dependants. The required service record entries mention only the "civil and moral obligations" to provide support. If the command had completed the required entries, 8.M.4.a. of the Personnel Manual mandates the following specific Administrative Remarks on form CG-3307: "Counseled concerning civil and moral obligations to provide continuous and adequate support of lawful dependents." If the complaint remains unresolved thirty days later, the command is to make a second, nearly identical, entry. Other portions of 8.M. admonish Coast Guard members to conduct their personal affairs honorably and lawfully. The phrase "military obligation" is used far less frequently, yet 8.M.1.a. of the Personnel Manual states that court-martial proceedings are clearly an option when, after two documented counseling sessions, the service member's failure to support his or her dependants "is sufficiently notorious as to bring discredit upon the Coast Guard."

Additionally, the Appellant's support obligation under the Personnel Manual, be it moral, inherently natural, or military, is determined by reading three separate sections that eventually conclude the monthly amount is determined by a reasonable agreement between the parents. If no agreement can be reached, 8.M.5.c. of the Personnel Manual states that monthly support "should bear a reasonable relationship to the support scale contained in Article 8.M.3.c." This language suggests some sort of determination by the service member's Commanding Officer is required to clearly establish the level of financial support. There is no record of any such determination in this case.

Given the ambiguity surrounding the scope of Appellant's military duty under the Personnel Manual to support his son, we cannot affirm a conviction for dereliction of this duty based on the record before us. We also note that Appellant was charged with violating the general order on or about January 2003 yet his son was born on 14 January 2003. It would appear impossible for the command to have completed the two required

---

mother although common sense suggests that the Coast Guard was only aware of the issue because someone received a complaint of nonsupport.

counseling sessions in January 2003 since the Personnel Manual mandates thirty days between them. We also cannot find that Appellant's discussions with his superiors about the Personnel Manual's support requirements established an independent military duty free of the ambiguity contained in the Personnel Manual. The closely related offense doctrine, or approach, is inapplicable; therefore, we do not address it or its scope. *See United States v. Franchino*, 48 M.J. 875 (C.G.Ct.Crim.App. 1998); *United States v. Bivins*, 49 M.J. 328 (C.A.A.F. 1998).

## Reassessment of Sentence

In light of the foregoing, the finding of guilty of violating a lawful general order, Charge II, Specification 4, is set aside and we do not affirm in its place the closely related offense of dereliction of duty. We now reassess the sentence in light of the guilty finding that has been set aside. In so doing, we may affirm only so much of the sentence as we believe the trial judge would have adjudged in the absence of the error we are now correcting; if we are unable to determine what that would have been, we must order a rehearing on sentence. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

We find the changes in the findings inconsequential in their impact on the sentence. The remaining charges, including three orders violations, a false official statement, marijuana use, stealing a $45,000 vehicle, and pandering justify the adjudged sentence. We have no doubt that the trial judge would have adjudged the same sentence. Accordingly, upon reassessment, we have determined that the sentence approved by the Convening Authority is appropriate and should be approved.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of Specification 4 of Charge II is set aside. The remaining findings of guilty and sentence, upon reassessment, are determined to be correct in law

and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judge KANTOR concurs.

BAUM, Chief Judge (concurring):

I concur with the principal opinion and write only to express concern with the concept of an appellate court having authority to affirm a finding of guilty of an offense that is not included within a guilty finding before the court, but, instead, is simply closely related to the offense for which there is a finding. Article 59, UCMJ, grants authority to an appellate court to affirm so much of a finding of guilty as includes a lesser included offense, but says nothing about a closely related offense. Nevertheless, our higher Court, the Court of Appeals for the Armed Forces, has embraced the idea that a lesser, but not included, offense may be affirmed if it is closely related to the major offense for which there is a finding. *United States v. Bivins*, 49 M.J. 328 (C.A.A.F. 1998). The lead opinion in this case finds the closely related offense doctrine, or approach, inapplicable. However, the facts of our case offer a glimpse of issues that may be encountered when dealing with the doctrine. Even without the difficulties discussed in the principal opinion, which prevent affirming guilt of the closely related dereliction of duty offense, I would be unable to affirm guilt of dereliction of duty because of the knowledge element present in that offense that is not a part of the major offense of failure to obey a lawful general regulation. Knowledge of the general regulation violated by Appellant is not required as an element of that offense, but knowledge of the relevant military duty is a prerequisite to a guilty finding of dereliction of that duty. When dealing with lesser included offenses, the elements of the lesser offense are included within the major offense, so when an accused pleads guilty to a major offense he is also pleading guilty to all the elements of the minor offense. Such is not the case with a closely related offense.

Appellant in this case did not plead guilty to the knowledge element of dereliction of duty and it was not explained to him that by pleading guilty to failure to obey a lawful general order he could also be found guilty of dereliction of duty. Although Appellant

volunteered during the guilty plea inquiry that he had been told by his superiors of a duty to support his child, he was not advised by anyone that because of this knowledge his plea of guilty to failure to obey a lawful general order would also encompass the closely related offense of dereliction of duty. In my view, there is nothing in the record to support a plea of guilty to dereliction of duty, and I am unable to affirm a finding of guilty of that offense without such a plea. We have statutory authority under Article 59, UCMJ to make this kind of finding for a lesser included offense, but lack such statutory authority for a closely related offense. Moreover, I see additional problems when it comes to determining applicable closely related offenses, absent more guidance from our higher Court on this subject. Further explanation addressing the indicia of a closely related offense would be helpful. The developmental history of lesser included offenses, as outlined in *United States v. Littles,* 35 M.J. 644 (N.M.C.M.R. 1992) reveals difficulties that can be encountered in establishing what offenses are in fact lesser included. Those problems are magnified many times with respect to closely related offenses.

Chief Judge Richard D. S. Dixon III, the Chief Judge of the Air Force Court of Criminal Appeals at the time that Court decided *United States v. Bivins,* 45 M.J. 501, 502 (A.F.Ct.Crim.App. 1996) disagreed with the majority's affirming of dereliction of duty as a lesser included offense of failure to obey a lawful general order. In so doing, he pointed out that:

> To qualify as a lesser included offense, the greater offense must include all of the elements of the lesser offense and more. *United States v. Foster*, 40 M.J. 140 (C.M.A.1994). A willful dereliction of duty cannot be a lesser included offense of a violation of a lawful general regulation because a dereliction of duty contains an element which a violation of a lawful general regulation does not. In order to convict an accused for willful dereliction of duty, the government must prove that the accused had knowledge of the duty. MCM, Part IV, paragraph 16c(3)(b) (1995). However, since knowledge is not an element of the offense of violating a lawful general regulation, knowledge of a lawful general regulation need not be alleged or proved. MCM, Part IV, paragraph 16c(1)(d) (1995).

> By finding that the inquiry into appellant's guilty plea to violating a lawful general regulation "fully apprised the appellant of the elements of dereliction of duty," the majority opinion, in my view, makes the providence inquiry little more than a sham.

45 M.J. at 503.  When that case was subsequently reviewed by the Court of Appeals for the Armed Forces, that Court agreed with the conclusion that dereliction of duty is not a lesser included offense of failure to obey a lawful general regulation, but, despite that determination and the other objections raised by Chief Judge Dixon that follow such a determination, the Court went on to affirm the Air Force Court's guilty finding of dereliction of duty, applying the concept of a lesser closely related offense.  The concerns that Chief Judge Dixon and I have raised with respect to this matter prompt me to recommend that the Court of Appeals for the Armed Forces take another look at the decisions on this subject, with a view to either modifying its stance on affirming lesser closely related offenses or providing further explication of the underlying authority for approval of such offenses by an appellate court.



For the Court,


Roy Shannon Jr.
Clerk of the Court